IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHNNY J. ESCAMILLA,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF ALBUQUERQUE and<br>OFFICER GENE CAMPBELL,<br><br>  Defendants. | No. 00-CIV-1380 BRB/DJS |

MEMORANDUM OPINION AND ORDER

BALDOCK, Circuit Judge.[*]

  Plaintiff, Johnny J. Escamilla, brings this civil rights action pursuant to 42 U.S.C. § 1983, for an alleged constitutional tort arising out of his arrest on July 17, 1999. Plaintiff alleges two counts: (1) excessive force in violation of the Fourth Amendment and (2) battery. Defendant Gene Campbell, a police officer for the City of Albuquerque, moves for summary judgment as to Count I based on qualified immunity. For the reasons stated herein, Defendant Campbell's motion is denied.

---

  [*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

I.

According to Plaintiff, on July 17, 1999, Officer Campbell and Officer George Vega arrested Plaintiff for shoplifting.  Plaintiff claims Officer Campbell began to ask questions without advising him of his rights.  Plaintiff further alleges Officer Campbell shoved him because he refused to answer these questions.  The officers claim Plaintiff was visibly intoxicated at the time of his arrest and was verbally abusive, combative, and uncooperative.

Plaintiff was eventually handcuffed and seat-belted in the back of the patrol car for transport.  Plaintiff alleges that during the transport he complained to Officer Campbell about the push and the officers' general treatment of Plaintiff.  The officers allege that while en route to the police station, Plaintiff continued to be verbally abusive and spit repeatedly at the officers.  At some point, Officer Campbell told Officer Vega to pull the car over.  Officer Campbell then exited the patrol car and opened the rear passenger door.

At this point, the two versions of the facts are very different.  Officer Campbell claims that he attempted to calm Plaintiff down but that the abusive behavior and spitting continued.  Plaintiff denies spitting at the officers.  Officer Campbell admits he struck Plaintiff in the chest but claims he hit him only one time with the back of his open hand.  Plaintiff alleges Officer Campbell struck him twice, first punching him in the ribs and then slapping his glasses from his face.  Plaintiff also alleges that when Officer Campbell slapped him, he said, "Shut the f- - - up or I'll hurt you worse."

Plaintiff alleges his ribs were bruised and sore for several weeks after this incident.

2

Plaintiff also claims he spit up blood several times and had difficulty sleeping due to the pain. A nurse examined Plaintiff at the jail. Medical records indicate a visible bruise on Plaintiff's chest three days after his arrest. Plaintiff does not allege a specific injury to his face.

## II.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, "'we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" Sigmon v. Communitycare HMO, Inc., 234 F.3d 1121, 1124-25 (10th Cir. 2001) (quoting Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). We treat motions for summary judgment, however, somewhat differently when they involve a qualified immunity defense. Nelson v. McMullen, 207 F.3d 1202, 1205-06 (10th Cir. 2000).

Once a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff. Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001). The plaintiff has a two-part burden to satisfy. The initial inquiry is whether the facts, taken in the light most favorable to the party asserting the injury, show the defendant's actions violated a constitutional right. Saucier v. Katz, 121 S.Ct. 2151, 2156 (2001). If the plaintiff can establish a violation of a constitutional or statutory right, he must then demonstrate that

3

the right at issue was clearly established at the time of the defendant's unlawful conduct. Id. "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." Id.

### III.

The Court first considers whether Plaintiff presented facts which, if proven, would amount to a violation of his constitutional rights.  The Fourth Amendment is a direct source of constitutional protection against uses of excessive physical force.  Graham v. Connor, 490 U.S. 386, 395 (1989); see also Tennessee v. Garner, 471 U.S. 1, 7-8 (1985). Because police officers may lawfully use some degree of force to fulfill their duties, however, this right is violated only if the force used was "objectively unreasonable." Graham v. Connor, 490 U.S. at 396-99.  Whether the force used in a particular case is objectively reasonable depends on the facts and circumstances of that case, including such factors as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 396.

Considering Plaintiff's version of the facts, Plaintiff presented sufficient evidence that Defendant violated his Fourth Amendment rights by utilizing excessive force. Plaintiff alleges Defendant punched him in the chest while he was handcuffed and seat-belted in the back of the patrol car.  The incident is grievous because Plaintiff was completely immobilized at the time of the alleged excessive force.  Defendant actually ordered the other officer to pull the car over in order to confront Plaintiff.  Therefore,

Plaintiff was already in custody and posed no direct safety risk to the officers. In addition, contrary to Defendant's suggestion, no physical injury is required to allege a constitutional violation. Martin v. Bd of County Comm'rs, 909 F.2d 402, 406-07 (10th Cir. 1990). Moreover, even if an injury is required, Plaintiff alleged he had a visible bruise on his chest that resulted in pain for several weeks. From this evidence, the jury could conclude Defendant used excessive force against Plaintiff.

Because Plaintiff's complaint states a Fourth Amendment claim, the Court next considers whether the law prohibiting Defendant's actions was "clearly established." In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether the right was sufficiently clear that a reasonable officer would understand that what he is doing violates that right. Saucier, 121 S.Ct. at 2156; Medina, 252 F.3d at 1128. If the plaintiff successfully establishes the violation of a clearly established right, the burden shifts to the defendant, who must prove that there are no genuine issues of material fact and the he is entitled to judgment as a matter of law. Id.

The use of physical force when a person is handcuffed can amount to a constitutional violation. See Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1433 (10th Cir. 1984). In Lusby, the plaintiff presented evidence establishing that an officer struck him on the face while he was handcuffed outside the police station and then shoved plaintiff head first into a wall on the way into the station. Id. Based on this evidence, the Tenth Circuit held that the jury could properly have concluded that the officer utilized

5

excessive force.  The Eighth Circuit also denied summary judgment to an officer under similar circumstances.  See Mayard v. Hopwood, 105 F.3d 1226, 1228 (8th Cir. 1997) ("[A] police officer's slapping in the face and punching in the chest a handcuffed and hobbled prisoner . . . are actions that result in a cognizable constitutional injury.").

Moreover, although we recognize that claims based on violations of police procedure alone are not actionable under § 1983, see Medina, 252 F.3d at 1133, the Albuquerque Police Department's Procedural Orders regarding the handling of spitting prisoners further supports are conclusion that Defendant should have known his actions were inappropriate.  These orders instruct police officers dealing with a prisoner who spits to use a "Spit Sock" which is placed over the head of the prisoner to prevent the transfer of saliva.  The policy specifically states, "No other method will be utilized to control this action."  Accordingly, Defendant should have known punching Defendant in the chest is a prohibited use of force under the circumstances.

For the foregoing reasons, Defendant's motion is DENIED.

SO ORDERED.

                                        Entered for the Court
                                        this 2nd day of August, 2001

                                        Bobby R. Baldock
                                        United States Circuit Judge
                                        Sitting By Designation